COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


|  |  |  |
|---|---|---|
| | § | No. 08-20-00160-CV |
| IN THE INTEREST OF | § | |
| | § | Appeal from the |
| X.E.V., | § | 65th District Court |
| | § | of El Paso County, Texas |
| A CHILD. | § | (TC# 2019DCM2502) |
| | § | |

## MEMORANDUM OPINION

Appellant X.Y. (Mother) has appealed a judgment terminating her parental rights to child X.E.V. The parties agree that X.E.V. is an Indian child for purposes of the Indian Child Welfare Act (ICWA)[1] and that X.E.V. is of purported Cherokee and Ketchikan ancestry. Mother raises seven issues on appeal. Four issues concern alleged ICWA procedural violations.

The ICWA is a federal law that applies in state court termination cases when a court knows or has reason to know that an Indian child is involved in a child custody proceeding. 25 U.S.C.A. § 1912(f). Congress enacted the ICWA in 1978 in response to a rising concern over the

---

[1] 25 U.S.C.A. §§ 1901 – 1963.

consequences to Indian tribes, Indian families, and children of abusive child welfare practices that resulted in the separation of Indian children from their families and tribes, and the Act is based on a policy that, where possible, an Indian child should remain in the Indian community *See In the Interest of V.L.R.*, 507 S.W.3d 788, 792 (Tex.App.—El Paso 2015, no pet.) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989)).

Substantively, the ICWA resets the standard of proof in termination cases from clear and convincing evidence to beyond a reasonable doubt. 25 U.S.C.A. § 1912(f); *see also In the Interest of V.L.R.*, 507 S.W.3d at 795 (holding that the beyond a reasonable doubt standard applicable in criminal and juvenile delinquency proceedings applies in ICWA termination proceedings). The ICWA also sets out certain procedural steps that must be followed in a custody proceeding involving a presumptive Indian child[2] before a judgment terminating parental rights may be entered. *See In the Interest of S.J.H.*, 594 S.W.3d 682, 686–87 (Tex.App.—El Paso 2019, no pet.).

As is relevant to this appeal, the ICWA requires the parental rights termination movant— here, the Texas Department of Family and Protective Services (the Department)—to notify relevant tribal authorities when it seeks to terminate the parental rights in the case of a known or suspected Indian child:

> In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian

---

[2] When the record is inconclusive as to whether a child is an Indian child under the ICWA, a court must treat the child as an Indian child unless or until it is determined on the record that the child does not meet the definition. *In the Interest of S.J.H.,* 594 S.W.3d at 688. The ICWA does not establish which persons are considered to be members of a tribe or eligible for membership in a tribe; that determination lies solely with the tribe itself based on the tribe's internal laws and criteria. *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex.App.—Waco 2009, no pet.).

custodian and the tribe. No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice by the parent or Indian custodian and the tribe or the Secretary: *Provided*, That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding.

25 U.S.C.A. § 1912(a).

In its Appellee's Brief, the Department has conceded there is reversible error because the record does not indicate that required ICWA notices were ever sent to Cherokee and Ketchikan tribal authorities, meaning that the trial court's judgment must be reversed and a final termination judgment withheld until notice is given to Cherokee and Ketchikan authorities and those authorities determine whether X.E.V. meets membership eligibility requirements under internal tribal law and whether intervention in these proceedings is necessary.

In accordance with our previous decision in *In the Interest of S.J.H.*, 594 S.W.3d at 691-92, we reverse the trial court's judgment based on the failure to notify relevant tribal authorities under the ICWA and remand for further proceedings consistent with this opinion.

GINA M. PALAFOX, Justice

November 23, 2020

Before Rodriguez, J., Palafox, J., and Chew, C.J. (Senior Judge)
Chew, C.J. (Senior Judge), sitting by assignment

3